UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JIM ZIEGLER, an individual, | Case No. C22-717RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| ELEMENTS APARTMENTS PROPERTY MANAGEMENT COMPANY, UNITED DOMINION REALITY ("UDR"), a Corporation, | |
| Defendant. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Ashwood Commons North LLC, erroneously named as "Elements Apartments Property Management Company, United Dominion Reality" ("Defendant")'s Motion to Dismiss. Dkt. #8. Plaintiff Jim Ziegler opposes this Motion. Dkt. #9. The Court has determined that it can rule without the need of oral argument. For the reasons stated below, the Court GRANTS this Motion and DISMISSES Plaintiff's claims without leave to amend.

## II.  BACKGROUND

The following facts are taken from Plaintiff's Complaint, Dkt. #1-1, and are considered true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS - 1

Since 2009 Plaintiff Ziegler has been a resident at an apartment building in King County managed by Defendant.

Mr. Ziegler alleges "an increase in violent crimes and illicit drug use within the building" since Defendant "changed their requirements and began offering Section 8 housing." Complaint at ¶ 3.2.

Mr. Ziegler contracted COVID-19 in March of 2020, was hospitalized, and eventually recovered.

Mr. Ziegler alleges that during Phase I of Governor Inslee's "SAFE START – STAY HEALTHY" plan, when social gatherings were not permitted, Defendant "promoted and encouraged… various social lunchtime events."  Mr. Ziegler does not plead whether these events were indoors or outdoors, but does plead that "due to COVID-19 health concerns, on or about March 20th, 2020, Elements Apartments UDR closed their amenity spaces."  All of the social lunchtime events occurred prior to the amenity spaces reopening on June 11, 2020.  After a shift to Phase II of Governor Inslee's plan, on July 11th, 2020, a housewarming party was held in Defendant's building's amenity space.  Mr. Ziegler does not plead whether this party was known to, permitted, or otherwise operated by Defendant.

A shooting took place in the common area of the building on the evening of the party. Two people were killed and two more were injured.  Defendant failed to issue a contemporaneous warming to residents advising them to stay in their units or to avoid communal areas.  Residents were notified of the incident after midnight but details were sparse.

There have been two other shootings in the past year at Defendant's building.

On or about the morning of January 3rd, 2021, a female resident and a female non-resident were assaulted in the building by a man who was not a resident.

ORDER GRANTING MOTION TO DISMISS - 2

Mr. Ziegler alleges that he received emails with invitations to social events being held in common areas "promising alcoholic beverages" even though Defendant's building did not have a license to serve alcohol at the time. Mr. Ziegler does not plead whether Defendants were aware of these social events.

Mr. Ziegler claims the above conduct violates Washington State's Residential Landlord-Tenant Act ("RLTA") and Washington State Governor Jay Inslee's state-wide COVID-19 social distancing proclamations. He brings causes of action for negligence and breach of the warranty of habitability. He claims he has suffered severe emotional distress and mental anguish.

Removal occurred on May 25, 2022. Dkt. #1. Defendant now moves to dismiss.

### III.   DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

Defendant states:

> Plaintiff is not suing Defendant for having contracted COVID-19. Rather, Plaintiff's claims for negligence and breach of warranty of habitability are predicated on a series of unrelated events that occurred after his recovery….
>
> Plaintiff's allegations aim to tap into the anxiety and suffering caused by the COVID-19 pandemic, but it is important to note that none of his allegations are truly tied to the pandemic itself. Further, even if all of his allegations are accepted as true—for the limited purpose of this motion—the Complaint still fails to state any plausible claim for relief and therefore should be dismissed.

Dkt. #8 at 3.  The Court agrees with this characterization of Mr. Ziegler's claims and the applicable law.  Mr. Ziegler pleads that allowing Section 8 housing applicants into his building was negligent or made his living situation more dangerous when the criminal behavior at issue was from *non*-residents.  Defendant's liability for harm he suffered from the "various social lunchtime events" is even less plausible.

Mr. Ziegler relies on RCW 59.18.060(3) to establish the duty element of his negligence claims. Complaint at ¶ 4.3.  That statute provides that a landlord will "[k]eep any shared or common areas reasonably clean, sanitary, and safe from defects increasing the hazards of fire or accident." RCW 59.18.060(3).  Defendant agrees it had a duty to comply with this statute but

ORDER GRANTING MOTION TO DISMISS - 4

argues that the Complaint has failed to plead such defects. The Court agrees. In any event, the July 11, 2020, shooting and the January 3, 2021, assault were not accidents or caused by defects; they were intentional, criminal acts of third parties that fall outside of the duties contained in RCW 59.18.060(3). This third-party criminal activity supersedes Defendant's alleged negligence.[1]

Further, Mr. Ziegler cannot bring a negligence claim for Defendant's alleged violation of the SAFE START – STAY HEALTHY plan. His allegations fail to establish that Governor Inslee's COVID-19 proclamations were intended to protect him from the kind of harm alleged in the Complaint—emotional distress from being aware of lunchtime gatherings. The pandemic has caused severe emotional distress to the public at large. Mr. Ziegler does not blame Defendant for his COVID-19 infection, nor could he based on its timing. Mr. Ziegler cannot plausibly plead any direct harm from Defendant's actions, or that Defendant's various social lunchtime events proximately caused his emotional distress and mental anguish.

Mr. Ziegler's claim for breach of the warranty of habitability also fails because he does not allege an applicable duty. His claim again rests on a violation of RCW 59.18.060(3). Complaint at ¶ 4.8. Mr. Ziegler has failed to show that Defendant violated this statute for the reasons stated above. Any amendment to the pleadings to reframe the facts at issue as a violation of the warranty of habitability would run up against the simple fact that Mr. Ziegler

---

[1] If the original negligence of a defendant is followed by an unforeseeable independent intervening cause, force, or act of a third person that is the proximate cause of an injury or event, the chain of proximate causation is broken. *Qualls v. Golden Arrow Farms*, 47 Wn.2d 599 (1955). A court may determine that a criminal act is unforeseeable as a matter of law "if the occurrence is so highly extraordinary or improbable as to be wholly beyond the range of expectability." *Johnson v. State*, 77 Wn. App. 934, 942 (1995). The test for foreseeability is whether the result of the act of the defendant is within the "ambit of the hazards" covered by the duty imposed on the defendant. *Koker v. Armstrong Cork, Inc.*, 60 Wn. App. 466, 480 (1991). The Court agrees with Defendant's argument: "[f]or the limited purposes of this motion, even if the Court accepts that the duty to keep reasonably clean common areas includes a duty to prevent a housewarming party with more than five people from a single household for the purposes of preventing the spread of COVID-19, a criminal third-party shooting cannot possibly be considered within the "ambit of the hazards" of the housewarming party. Dkt. #8 at 14. The same analysis applies to the criminal assault of a female resident that occurred on January 3, 2021. Mr. Ziegler has failed to present any reasonable explanation how further discovery could show these crimes were foreseeable by Defendant.

ORDER GRANTING MOTION TO DISMISS - 5

did not attend the house parties or various social lunchtime events at issue. His claim that severe emotional distress and anguish were proximately caused by Defendant's actions is not plausible.

Accepting all facts alleged in the complaint as true, and making all inferences in the light most favorable to Mr. Ziegler, his claims must be dismissed under Rule 12(b)(6).

The Court finds that the above deficiencies with the Complaint cannot possibly be cured by amendment consistent with the facts as pled, and that any amendment would be futile. Leave to amend will therefore not be granted.

## IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #8, is GRANTED. Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 5th day of July, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS - 6